JS 44 (Rev. 3/99)    Case 2:02-cv-03664-WY    Document 1    Filed 06/07/2002    Page 1 of 9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
The Philadelphia Coca-Cola Bottling Company
725 East Erie Avenue
Philadelphia, Pennsylvania 19134

**DEFENDANTS**
International Brotherhood of Teamsters, Local No. 830
12298 Townsend Road
Philadelphia, Pennsylvania 19154

(b) County of Residence of First Listed Plaintiff    **PHILADELPHIA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    **PHILADELPHIA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael G. Tierce, Esquire
Schnader Harrison Segal & Lewis, LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103    (215) 751-2000

Attorneys (If Known)
Thomas W. Jennings, Esquire
Jennings Sigmond
510 Walnut Street, 16th Floor
Philadelphia, PA 19106    (215) 351-0612

FILED JUN -7 2002

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | x 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | x 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

PURSUANT TO THE LABOR MANAGEMENT RELATIONS ACT TO VACATE A LABOR ARBITRATION AWARD

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 6/7/02

SIGNATURE OF ATTORNEY OF RECORD
/s/ Mike Tierce

FOR OFFICE USE ONLY

IN THE UNITED STATES DISTRICT COURT     APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

The Philadelphia Coca-Cola
Bottling Company     :     CIVIL ACTION
    :
    v.     :
The International Brotherhood of     :
Teamsters, Local No. 830     :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.     ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.     (✓)

6/7/02
Date

/s/ Mike Pierce
Attorney-at-law

Plaintiff
Attorney for ~~Plaintiff~~ Plaintiff

(Civ. 660) 7/95

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE PHILADELPHIA COCA-COLA
BOTTLING COMPANY,

    Petitioner,

v.

UNITED BROTHERHOOD OF TEAMSTERS
LOCAL NO. 830

    Respondent.

C.A. NO. 02-CV-3664

FILED JUN - 7 2002

## COMPLAINT

### I. INTRODUCTION

This is an action pursuant to Section 301 of the Labor Management Relations Act 29 U.S.C. § 141 *et seq.* ("LMRA") in which Plaintiff, The Philadelphia Coca-Cola Bottling Company ("Plaintiff" or "Philadelphia Coca-Cola"), seeks to vacate an arbitration award. The award pertains to a labor dispute between The Philadelphia Coca-Cola Bottling Company and United Brotherhood of Teamsters Local No. 830 ("Defendant" or "Local 830").

### II. PARTIES

1. Plaintiff is corporation organized under the laws of the state of Delaware with its principal place of business at 725 East Erie Avenue, Philadelphia, Pennsylvania. Philadelphia Coca-Cola is an independent bottler and distributer of Coca-Cola products; has

PHDATA:1018166

facilities located across the tri-state area; and, is in an industry affecting commerce within the meaning of the LMRA.

2. Defendant Local 830 is a labor organization within the meaning of the LMRA with its principal place of business at 12298 Townsend Road, Philadelphia, Pennsylvania.

3. Philadelphia Coca-Cola maintains a facility at 725 East Erie Avenue, Philadelphia, Pennsylvania 19134. Local 830 represents employees at this facilities.

## III. JURISDICTION & VENUE

4. The jurisdiction of this Court is invoked pursuant to Section 301 of the LMRA in that this is a suit for a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce.

5. Venue is proper in this district pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1391(b) because duly authorized agents of Local 830 are engaged in representing or acting on behalf of its members in the Eastern District of Pennsylvania and because the events giving rise to the claim occurred in this District.

PHDATA:1018166

## IV.  FACTS

6. Philadelphia Coca-Cola and Local 830 are parties to a collective bargaining agreement, which sets forth the terms and conditions of employment for Local 830 members who are employed by Philadelphia Coca-Cola at its Erie Avenue facility.

7. The collective bargaining agreement between Philadelphia Coca-Cola and Local 830 covers the time period from April 15, 2000 through April 14, 2004 and it is in full force and effect according to its terms. (See Exhibit A attached hereto).

8. Article XXI of the collective bargaining agreement contains a mandatory grievance and arbitration procedure.

9. Article XXI of the contract provides:

### GRIEVANCE -- ARBITRATION

a.  In the event of a grievance or dispute arising under the terms of this Agreement, the UNION steward shall take the matter up with the EMPLOYER's representative, and every reasonable effort shall be made to reach a satisfactory solution. If no satisfactory solution can be reached, the Business Agent or other duly authorized representative of the UNION shall be notified by the UNION steward within five (5) working days of the event complained of, and the Business Agent or the duly authorized representative of the UNION shall take the matter up with the EMPLOYER within five (5) working days after the occurrence of the event complained of. If the Business Agent of the UNION and the EMPLOYER cannot reach a satisfactory agreement, the matter shall be submitted to arbitration pursuant to the American Arbitration Association's Labor Arbitration Rules.

b.  The decision of the arbitrator shall be final and binding. No arbitrator shall have the power to add to or subtract from the terms of this Agreement. The parties agree to expedite such arbitration.

PHDATA:1018166

-3-

c.  The fee of the impartial arbitrator and the other costs of arbitration shall be borne equally by the UNION and the EMPLOYER.

d.  It is expressly understood and agreed that any request for arbitration of a discharge of any employee must be made in writing by an official of the UNION to the EMPLOYER within fifteen (15) working days from the date of the discharge or it shall not be subject to arbitration. Upon a timely request for arbitration of a discharge, such arbitration shall be expedited pursuant to the procedures to be agreed upon by the EMPLOYER and the UNION.

e.  In the case of any arbitration of a discharge, the arbitrator may sustain the discharge, or may order the reinstatement of the employee, and in the latter event may order the EMPLOYER to reimburse the employee with pay for days lost. As both parties pledge themselves to handle discharge cases promptly, it is agreed that in the event the arbitrator directs reinstatement of a discharged employee, no more than one hundred-twenty (120) days' lost pay shall be granted. In the event a case is not decided within 120 work days from the date of submission to the American Arbitration Association due to delay proven to be caused by the EMPLOYER, back pay (if awarded) shall run until the date of decision.

10. On January 26, 2001, Joseph Brock, President of Local 830, filed a grievance and demand for arbitration challenging the manner in which Philadelphia Coca-Cola had been applying its policy governing leave under the Family and Medical Leave Act of 1993 ("FMLA").

11. In the grievance, Local 830 alleged that Philadelphia Coca-Cola's FMLA policy, which compels employees to use paid time concurrently with FMLA leave, violates the vacation selection provision of the labor contract, which prohibits changes in vacation selection.

12. On March 1, 2001, the Union filed an unfair labor practice charge at the National Labor Relations Board ("Board") claiming that Philadelphia Coca-Cola "unilaterally altered its vacation policy to require employees to use vacation and other accumulated time while on leave under the FMLA."

PHDATA:1018166

13. By letter dated June 22, 2001, the Board deferred the charge pending the outcome of the grievance arbitration in accordance with the principles set forth in *Collyer Insulated Wire, A Gulf and Western Sys. Co.*, 192 NLRB 837, and *United Technologies Corp.*, 268 NLRB 557.

14. The parties selected Arbitrator Walter DeTreux, Esquire, a member of the American Arbitration Association ("AAA"), as their neutral Arbitrator.

15. The AAA provides a forum for the resolution of disputes. That forum is administered according to procedures set forth in the AAA Rules and Procedures.

16. Arbitrator DeTreux is a member of AAA and is thus subject to its rules.

17. On or about October 23, 2001, the parties attended a hearing before Arbitrator DeTreux. The parties attended a second hearing on January 25, 2002. Both parties presented witness testimony and documentary evidence at the hearings.

18. During the hearings, the Philadelphia Coca-Cola offered substantial evidence demonstrating that the grievance was untimely under Article XXI(a), and, therefore, due to this fatal procedural flaw, the Arbitrator need not reach its merits.

19. The parties submitted their post hearing briefs on April 2, 2002.

20. The Arbitrator issued his Memorandum and Decision on May 7, 2002. The Arbitrator sustained the grievance in its entirety, in part finding that the grievance was not untimely. (See Exhibit B attached hereto).

PHDATA:1018166

21. The Arbitrator's decision is clearly wrong on this point. In the decision, the Arbitrator found that the grievance in this case was "constructively" filed on August 9, 2000. The Arbitrator also found that the Company's FMLA policy was effective as of June 2000. Article XXI requires the Union to file a grievance within five (5) working days. Therefore, the Arbitrator's own decision demonstrates that the grievance was untimely, and that he should not have reached its merits.

22. The Arbitrator exceeded his authority and his decision has resulted in the deprivation of a fundamentally fair hearing for Philadelphia Coca-Cola, causing the rendition of an unjust, inequitable and/or unconscionable award in violation of the LMRA.

23. The Arbitrator exceeded his power and his decision is wrong as it does not draw its essence from the labor contract causing the rendition of an unjust, inequitable and/or unconscionable award in violation of the LMRA.

24. The Arbitrator exceeded his power and his decision is wrong as it is procedurally defective causing the rendition of an unjust, inequitable and/or unconscionable award in violation of the LMRA.

25. The Arbitrator exceeded his power and his decision is wrong as the Arbitrator made an error in fact causing the rendition of an unjust, inequitable and/or unconscionable award in violation of the LMRA.

PHDATA:1018166

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully demands that judgment be entered herein vacating the award of the Arbitrator and awarding plaintiff's costs, disbursements and fees, and for such other relief as the Court may deem just, proper and equitable.

Respectfully submitted,

*[signature]*

Michael G. Tierce (PA ID #49896)
Lisa M. Scidurlo (PA ID #80487)
Attorneys for Plaintiff, The Philadelphia Coca-Cola Bottling Company

SCHNADER, HARRISON, SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Of Counsel.

PHDATA:1018166

-7-