IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PHILADELPHIA COCA-COLA BOTTLING COMPANY, : : : : | |
| Petitioner, : : | |
| v. : | C.A. NO. 02-CV-3664 |
| : : | |
| UNITED BROTHERHOOD OF TEAMSTERS LOCAL NO. 830, : : : : | |
| Respondent. : | |

**MOTION OF RESPONDENT, TEAMSTERS LOCAL UNION NO. 830, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO, TO DISMISS THE COMPLAINT OF PETITIONER**

Respondent, Teamsters Local Union No. 830, International Brotherhood of Teamsters, AFL-CIO ("Local 830"), by and through its undersigned counsel and in accordance with Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for an Order dismissing Plaintiff's Complaint with prejudice, and asserts the following in support thereof:

1. Petitioner initiated this action on June 7, 2002, but did not serve the Complaint upon Respondent until August 7, 2002.

2. Petitioner's Complaint seeks to vacate an arbitration award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §141 *et seq.* ("LMRA")(*See* Exhibit 1, Complaint).

3. Petitioner's Complaint asserts that the award should be vacated because the arbitrator was "wrong" in concluding that the grievance was not untimely (*See* Exhibit 1, ¶¶20-21).

4.   Petitioner's Complaint also goes on to assert that the arbitrator exceeded his power and authority in so ruling. Furthermore, the Complaint makes broad claims that this decision "resulted in the deprivation of a fundamentally fair hearing," and led to an award that "does not draw its essence from the labor contract," "is procedurally defective," and contained an "error of fact." (*See* Exhibit 1, ¶¶22-25).

5.   Attempts to overturn arbitration awards face a "well-established, consistent and exceedingly narrow standard of review." *Mitchell Plastics, Inc. v. Glass, Molders, Pottery, Plastics and Allied Workers International Union and Local 46B*, 946 F.Supp. 401 (W.D. Pa. 1996), *citing United Allied Industrial Workers v. Gov't of the Virgin Islands*, 987 F.2d 162, 170 (3d Cir. 1993).

6.   Petitioner's only contention in this case is that the arbitrator erred in concluding that the grievance was not untimely. Petitioner does not claim that the arbitrator lacked authority to hear the grievance because there was no agreement to submit grievances to arbitration.

7.   Thus, the issue before the arbitrator was one of procedural arbitrability, and not substantive arbitrability.

8.   Time and again courts have held that matters of procedural arbitrability are to be resolved by arbitrators, and not by the courts. *International Union of Operating Engineers v. Flair Builders, Inc.*, 406 U.S. 487, 92 S.Ct. 1710 (1972).

9.   Accordingly, Petitioner's Complaint fails to state a valid claim upon which relief can be granted, and the claims contained therein must be dismissed pursuant to Rule 12(b)(6).

10.   The reasons for this Motion are more fully set forth in the forthcoming Memorandum of Law, which is incorporated herein by reference.

WHEREFORE, Respondent respectfully requests that Petitioner's Complaint be dismissed, with prejudice.

Dated at Philadelphia, Pennsylvania this 9th day of September, 2002.

                                            Respectfully submitted,

                                            _____
                                            THOMAS W. JENNINGS, ESQUIRE
                                            STEPHEN J. HOLROYD, ESQUIRE
                                            **JENNINGS SIGMOND**
                                            The Penn Mutual Towers, 16th Floor
                                            510 Walnut Street
                                            Philadelphia, PA 19106-3683
                                            (215) 351-0670

## CERTIFICATE OF SERVICE

I, Stephen J. Holroyd, Esquire, state under penalty of perjury that I caused a true and correct copy of the foregoing Respondent's Motion to Dismiss to be forwarded by U.S. Mail, First Class, postage pre-paid this 9th day of September, 2002 to:

> Michael G. Tierce, Esquire
> Stevens & Lee
> 1818 Market Street, 29th Floor
> Philadelphia, PA 19103

_____
STEPHEN J. HOLROYD