BREWERY & BEER DISTRIBUTOR DRIVERS, HELPERS
PLATFORM MEN, LOCAL 830

and

THE PHILADELPHIA COCA-COLA BOTTLING COMPANY

April 15, 2000 - April 14, 2004


EXHIBIT A

## INDEX

| | | PAGE |
|---|---|---|
| ARTICLE I | DECLARATION OF PURPOSE | 1 |
| ARTICLE II | UNION RECOGNITION: SCOPE OF AGREEMENT | 1 |
| ARTICLE III | UNION SHOP: HIRING OF NEW EMPLOYEES | 2 |
| ARTICLE IV | HOURS OF WORK | 3 |
| ARTICLE V | FLEXIBLE WORK WEEK | 6 |
| ARTICLE VI | HOLIDAYS | 8 |
| ARTICLE VII | VACATIONS | 10 |
| ARTICLE VIII | LUNCH AND RELIEF PERIODS | 12 |
| ARTICLE IX | WAGES | 12 |
| ARTICLE X | WAGES OF UNCLASSIFIED EMPLOYEES; TRANSFERS | 12 |
| ARTICLE XI | MANAGEMENT RIGHTS | 13 |
| ARTICLE XII | DISCHARGES AND DISCIPLINE | 14 |
| ARTICLE XIII | INJURIES AND ILLNESS | 15 |
| ARTICLE XIV | POLYGRAPH TEST | 16 |
| ARTICLE XV | UNIFORMS AND EQUIPMENT | 16 |
| ARTICLE XVI | EXTRA DUTIES -- LIMITATIONS | 17 |
| ARTICLE XVII | SENIORITY | 17 |
| ARTICLE XVIII | DISCRIMINATION AND UNION ACTIVITY | 18 |
| ARTICLE XIX | CHECK-OFF OF UNION DUES | 18 |
| ARTICLE XX | CURTAILMENT OR CHANGE IN OPERATIONS | 19 |
| ARTICLE XXI | GRIEVANCE -- ARBITRATION | 19 |
| ARTICLE XXII | STRIKES AND LOCKOUTS | 20 |
| ARTICLE XXIII | PICKET LINES | 20 |
| ARTICLE XXIV | WELFARE AND PENSION BENEFITS | 21 |
| ARTICLE XXV | SPLITTING OF ROUTES | 25 |
| ARTICLE XXVI | ROUTE BIDDING | 26 |
| ARTICLE XXVII | JOB BIDDING | 28 |
| ARTICLE XXVIII | FUNERAL LEAVE | 30 |
| ARTICLE XXIX | JURY DUTY | 30 |
| ARTICLE XXX | STEWARDS | 30 |
| ARTICLE XXXI | SEVERANCE | 31 |

88176 v5

## ARTICLE XIX
## CHECK-OFF OF UNION DUES

(a)   On each weekly payday, EMPLOYER shall deduct UNION dues, assessments, contributions to the Credit UNION and special funds in an amount specified by the employee, in writing, and subscription costs to "DRIVE", and on the first payday following the thirtieth (30th) day of employment for new employees, initiation fees, from the wages of all members of UNION who voluntarily sign authorizations for such actions which shall be irrevocable for the term of this Agreement or for one (1) year, whichever is less, and which shall be automatically renewable for a like period, and which shall be delivered by UNION to EMPLOYER, and EMPLOYER shall promptly remit the sum of such deductions to the Secretary-Treasurer, or other duly authorized representative of the UNION.

(b)   An additional check-off for "voluntary union benefits" shall be deducted from the wages of all employees who sign authorizations for such deductions. The deductions will be subject to the EMPLOYER'S approval of the categories of such benefits. An employee shall be permitted to file a request for such deductions or cancellation of the deductions once per year during the month of January.

## ARTICLE XX
## CURTAILMENT OR CHANGE IN OPERATIONS

EMPLOYER is entering into this Agreement in contemplation of being able to conduct substantially normal operations. If shortage of materials, equipment or supplies due to emergency conditions, or if any Governmental regulation, shall necessitate a substantial curtailment or change in method of operations of EMPLOYER, so that the provisions of this Agreement become onerous or impracticable, UNION agrees to sit down with the EMPLOYER in an endeavor amicably to revise this Agreement to meet such changed conditions. If UNION and EMPLOYER shall not agree as to the occasion for, or the nature or scope of, any such revision, the matter shall be submitted to arbitration in accordance with Article XXI hereof. In such event, the Arbitrator shall have the power to alter, amend or eliminate any clause of this Agreement which, in his opinion, shall seem necessary or equitable in view of the changed conditions.

## ARTICLE XXI
## GRIEVANCE -- ARBITRATION

(a)   In the event of a grievance or dispute arising under the terms of this Agreement, the UNION steward shall take the matter up with the EMPLOYER's representative, and every reasonable effort shall be made to reach a satisfactory solution. If no satisfac-

88176 v5

tory solution can be reached, the Business Agent or other duly authorized representative of the UNION shall be notified by the UNION steward within five (5) working days of the event complained of, and the Business Agent or the duly authorized representative of the UNION shall take the matter up with the EMPLOYER within five (5) working days after the occurrence of the event complained of. If the Business Agent of the UNION and the EMPLOYER cannot reach a satisfactory agreement, the matter shall be submitted to arbitration pursuant to the American Arbitration Association's Labor Arbitration Rules.

(b)   The decision of the arbitrator shall be final and binding. No arbitrator shall have the power to add to or subtract from the terms of this Agreement. The parties agree to expedite such arbitration.

(c)   The fee of the impartial arbitrator and the other costs of arbitration shall be borne equally by the UNION and the EMPLOYER.

(d)   It is expressly understood and agreed that any request for arbitration of a discharge of any employee must be made in writing by an official of the UNION to the EMPLOYER within fifteen (15) working days from the date of the discharge or it shall not be subject to arbitration. Upon a timely request for arbitration of a discharge, such arbitration shall be expedited pursuant to the procedures to be agreed upon by the EMPLOYER and the UNION.

(e)   In the case of any arbitration of a discharge, the arbitrator may sustain the discharge, or may order the reinstatement of the employee, and in the latter event may order the EMPLOYER to reimburse the employee with pay for days lost. As both parties pledge themselves to handle discharge cases promptly, it is agreed that in the event the arbitrator directs reinstatement of a discharged employee, no more than one hundred-twenty (120) days' lost pay shall be granted. In the event a case is not decided within 120 work days from the date of submission to the American Arbitration Association due to delay proven to be caused by the EMPLOYER, back pay (if awarded) shall run until the date of decision.

## ARTICLE XXII
### STRIKES AND LOCKOUTS

Under no circumstances shall any strike, stoppage of work, walkout, picketing, boycott, refusal to work or perform any part of duty, or other interference with, or interruption of, the normal conduct of EMPLOYER's business be ordered, sanctioned, permitted or enforced by the UNION, nor shall any lockout be ordered, sanctioned, permitted or enforced by the EMPLOYER, its officials or agents.

88176 v5