IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE PHILADELPHIA COCA-COLA
BOTTLING COMPANY,

      Petitioner,

      v.

UNITED BROTHERHOOD OF TEAMSTERS
LOCAL NO. 830

      Respondent.

C.A. NO. 02-CV-3664

FILED JUN -7 2002

## COMPLAINT

### I. INTRODUCTION

This is an action pursuant to Section 301 of the Labor Management Relations Act 29 U.S.C. § 141 *et seq.* ("LMRA") in which Plaintiff, The Philadelphia Coca-Cola Bottling Company ("Plaintiff" or "Philadelphia Coca-Cola"), seeks to vacate an arbitration award. The award pertains to a labor dispute between The Philadelphia Coca-Cola Bottling Company and United Brotherhood of Teamsters Local No. 830 ("Defendant" or "Local 830").

### II. PARTIES

1. Plaintiff is corporation organized under the laws of the state of Delaware with its principal place of business at 725 East Erie Avenue, Philadelphia, Pennsylvania. Philadelphia Coca-Cola is an independent bottler and distributer of Coca-Cola products; has

PHDATA:1018166

facilities located across the tri-state area; and, is in an industry affecting commerce within the meaning of the LMRA.

2. Defendant Local 830 is a labor organization within the meaning of the LMRA with its principal place of business at 12298 Townsend Road, Philadelphia, Pennsylvania.

3. Philadelphia Coca-Cola maintains a facility at 725 East Erie Avenue, Philadelphia, Pennsylvania 19134. Local 830 represents employees at this facilities.

## III. JURISDICTION & VENUE

4. The jurisdiction of this Court is invoked pursuant to Section 301 of the LMRA in that this is a suit for a violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce.

5. Venue is proper in this district pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1391(b) because duly authorized agents of Local 830 are engaged in representing or acting on behalf of its members in the Eastern District of Pennsylvania and because the events giving rise to the claim occurred in this District.

IV. **FACTS**

6. Philadelphia Coca-Cola and Local 830 are parties to a collective bargaining agreement, which sets forth the terms and conditions of employment for Local 830 members who are employed by Philadelphia Coca-Cola at its Erie Avenue facility.

7. The collective bargaining agreement between Philadelphia Coca-Cola and Local 830 covers the time period from April 15, 2000 through April 14, 2004 and it is in full force and effect according to its terms. (See Exhibit A attached hereto).

8. Article XXI of the collective bargaining agreement contains a mandatory grievance and arbitration procedure.

9. Article XXI of the contract provides:

## GRIEVANCE -- ARBITRATION

a. In the event of a grievance or dispute arising under the terms of this Agreement, the UNION steward shall take the matter up with the EMPLOYER's representative, and every reasonable effort shall be made to reach a satisfactory solution. If no satisfactory solution can be reached, the Business Agent or other duly authorized representative of the UNION shall be notified by the UNION steward within five (5) working days of the event complained of, and the Business Agent or the duly authorized representative of the UNION shall take the matter up with the EMPLOYER within five (5) working days after the occurrence of the event complained of. If the Business Agent of the UNION and the EMPLOYER cannot reach a satisfactory agreement, the matter shall be submitted to arbitration pursuant to the American Arbitration Association's Labor Arbitration Rules.

b. The decision of the arbitrator shall be final and binding. No arbitrator shall have the power to add to or subtract from the terms of this Agreement. The parties agree to expedite such arbitration.

PHDATA:1018166

-3-

c.  The fee of the impartial arbitrator and the other costs of arbitration shall be borne equally by the UNION and the EMPLOYER.

d.  It is expressly understood and agreed that any request for arbitration of a discharge of any employee must be made in writing by an official of the UNION to the EMPLOYER within fifteen (15) working days from the date of the discharge or it shall not be subject to arbitration. Upon a timely request for arbitration of a discharge, such arbitration shall be expedited pursuant to the procedures to be agreed upon by the EMPLOYER and the UNION.

e.  In the case of any arbitration of a discharge, the arbitrator may sustain the discharge, or may order the reinstatement of the employee, and in the latter event may order the EMPLOYER to reimburse the employee with pay for days lost. As both parties pledge themselves to handle discharge cases promptly, it is agreed that in the event the arbitrator directs reinstatement of a discharged employee, no more than one hundred-twenty (120) days' lost pay shall be granted. In the event a case is not decided within 120 work days from the date of submission to the American Arbitration Association due to delay proven to be caused by the EMPLOYER, back pay (if awarded) shall run until the date of decision.

10. On January 26, 2001, Joseph Brock, President of Local 830, filed a grievance and demand for arbitration challenging the manner in which Philadelphia Coca-Cola had been applying its policy governing leave under the Family and Medical Leave Act of 1993 ("FMLA").

11. In the grievance, Local 830 alleged that Philadelphia Coca-Cola's FMLA policy, which compels employees to use paid time concurrently with FMLA leave, violates the vacation selection provision of the labor contract, which prohibits changes in vacation selection.

12. On March 1, 2001, the Union filed an unfair labor practice charge at the National Labor Relations Board ("Board") claiming that Philadelphia Coca-Cola "unilaterally altered its vacation policy to require employees to use vacation and other accumulated time while on leave under the FMLA."

PHDATA:1018166

13. By letter dated June 22, 2001, the Board deferred the charge pending the outcome of the grievance arbitration in accordance with the principles set forth in *Collyer Insulated Wire, A Gulf and Western Sys. Co.*, 192 NLRB 837, and *United Technologies Corp.*, 268 NLRB 557.

14. The parties selected Arbitrator Walter DeTreux, Esquire, a member of the American Arbitration Association ("AAA"), as their neutral Arbitrator.

15. The AAA provides a forum for the resolution of disputes. That forum is administered according to procedures set forth in the AAA Rules and Procedures.

16. Arbitrator DeTreux is a member of AAA and is thus subject to its rules.

17. On or about October 23, 2001, the parties attended a hearing before Arbitrator DeTreux. The parties attended a second hearing on January 25, 2002. Both parties presented witness testimony and documentary evidence at the hearings.

18. During the hearings, the Philadelphia Coca-Cola offered substantial evidence demonstrating that the grievance was untimely under Article XXI(a), and, therefore, due to this fatal procedural flaw, the Arbitrator need not reach its merits.

19. The parties submitted their post hearing briefs on April 2, 2002.

20. The Arbitrator issued his Memorandum and Decision on May 7, 2002. The Arbitrator sustained the grievance in its entirety, in part finding that the grievance was not untimely. (See Exhibit B attached hereto).

PHDATA:1018166

21. The Arbitrator's decision is clearly wrong on this point. In the decision, the Arbitrator found that the grievance in this case was "constructively" filed on August 9, 2000. The Arbitrator also found that the Company's FMLA policy was effective as of June 2000. Article XXI requires the Union to file a grievance within five (5) working days. Therefore, the Arbitrator's own decision demonstrates that the grievance was untimely, and that he should not have reached its merits.

22. The Arbitrator exceeded his authority and his decision has resulted in the deprivation of a fundamentally fair hearing for Philadelphia Coca-Cola, causing the rendition of an unjust, inequitable and/or unconscionable award in violation of the LMRA.

23. The Arbitrator exceeded his power and his decision is wrong as it does not draw its essence from the labor contract causing the rendition of an unjust, inequitable and/or unconscionable award in violation of the LMRA.

24. The Arbitrator exceeded his power and his decision is wrong as it is procedurally defective causing the rendition of an unjust, inequitable and/or unconscionable award in violation of the LMRA.

25. The Arbitrator exceeded his power and his decision is wrong as the Arbitrator made an error in fact causing the rendition of an unjust, inequitable and/or unconscionable award in violation of the LMRA.

PHDATA:1018166

V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully demands that judgment be entered herein vacating the award of the Arbitrator and awarding plaintiff's costs, disbursements and fees, and for such other relief as the Court may deem just, proper and equitable.

Respectfully submitted,

*[signature]*

Michael G. Tierce (PA ID #49896)
Lisa M. Scidurlo (PA ID #80487)
Attorneys for Plaintiff, The Philadelphia Coca-Cola Bottling Company

SCHNADER, HARRISON, SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

Of Counsel.

PHDATA:1018166