IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                 :

| | | |
|---|---|---|
| THE PHILADELPHIA COCA-COLA BOTTLING COMPANY | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO. 02-3664 |
| | : | |
| v. | : | |
| | : | |
| THE UNITED BROTHERHOOD OF TEAMSTERS, LOCAL NO. 830 | : | |
| | : | |
| Respondent. | : | |

_____:

_____

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION
TO RESPONDENT'S MOTION TO DISMISS PETITIONER'S COMPLAINT**
_____

**I.   INTRODUCTION & FACTUAL BACKGROUND**

       On June 7, 2002, Petitioner, The Philadelphia Coca-Cola Bottling Company

("Petitioner", "Philadelphia Coca-Cola" or "the Company") filed this action against the United

Brotherhood of Teamsters, Local No. 830 ("Respondent", "Local 830" or "the Union").

Petitioner's complaint seeks to vacate the decision of a labor arbitrator sustaining a grievance that

challenged the application of Petitioner's policy under the Family and Medical Leave Act of

1993 ("FMLA") to bargaining unit employees.

       Specifically, Philadelphia Coca-Cola's complaint requests that this Court vacate

the arbitration  award pursuant to Section 301 of the Labor Management Relations Act, 29

U.S.C. 141 *et seq.* ("LMRA") because the award was based on a crucial error of fact; was

1

procedurally defective; and, failed to draw its essence from (in fact, was contrary to) the express terms of the labor contract.  The complaint further alleges that the arbitrator exceeded his authority by ignoring the plain language of the agreement (which resulted in manifest injustice to the Petitioner), and that his award should be vacated pursuant to Section 301 of the LMRA as a result.

In its motion, Respondent contends that Petitioner has failed to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) because, the arbitrator's decision – as plainly wrong as it was – somehow drew its essence from the agreement.  Respondent further alleges that procedural arbitrability is not the proper subject of judicial review and asks the Court to dismiss the complaint on this basis as well.  As set forth fully below, Respondent's arguments are without merit, and therefore, its motion should be denied in its entirety.

## II.   PROCEDURAL HISTORY & RELEVANT FACTS

The Company and the Union are parties to a collective bargaining agreement that governs the terms and conditions of employment of certain of Petitioner's employees at its Philadelphia, Pennsylvania facility.  (*See* Exhibit A attached hereto).  The agreement at issue covers the time period of April 15, 2000 through April 14, 2004 and contains a grievance and arbitration procedure designed to accomplish the timely processing of grievances filed by bargaining unit employees.

Specifically, Article XXI (a) provides in pertinent part, that "the Business Agent or the duly authorized representative of the UNION shall take the matter up with the EMPLOYER within five (5) working days after the occurrence of the event complained of . . . ."  If the matter is not resolved, the grievance may then proceed to arbitration pursuant to the

2

American Arbitration Association's Labor Arbitration Rules.  Article XXI(b) further provides that "[t]he decision of the arbitrator shall be final and binding.  *No arbitrator shall have the power to <u>add to or subtract from</u> the terms of this agreement . . . ."*  (Exhibit A, emphasis added).

As the Union admits in its brief, on January 26, 2001 (six months <u>after</u> the challenged policy was implemented), Joseph Brock, Jr., President of Local No. 830, filed a grievance challenging the Company's FMLA policy.[1]  Specifically, the Union alleged that the Company's FMLA policy, which compels employees to use paid time concurrently with FMLA leave, violates the vacation selection provision of the labor contract, which provides that "once the vacation period has been selected and the vacation list is posted, no changes will be permitted." (Exhibit A, Article VII(g)).   The Union contended in its grievance that, pursuant to the newly implemented policy, in some cases an employee's paid vacation is "changed" to run concurrently with approved FMLA leave in violation of Article VII(g).

The parties arbitrated the grievance before Walter DeTreux, Esquire at which time Petitioner argued, among other things, that the grievance was untimely.  By Memorandum and Decision dated May 7, 2002, the arbitrator sustained the grievance on the merits and then determined, as a procedural matter, that the grievance was not untimely.  (*See* Exhibit B attached hereto).  The arbitrator's decision is plainly wrong on this point and should be set aside as a result.

Specifically, the arbitrator's decision flies in the face of the express terms of Article XXI of the labor contract.  In his decision, the arbitrator expressly stated as a *<u>matter of fact</u>* that the Company's FMLA policy went into effect in June 2000. (*See* Exhibit B, p. 7).   The arbitrator further found as a *<u>matter of fact</u>* that the grievance was filed on August 9, 2000 by then

Vice President of Local No. 830, Sarah Ruszin.  Ms. Ruszin knew the policy went into effect in June 2000 but waited to bring it to the attention of management until August 2000 after employees complained about it.  In fact, she believed, on behalf of the Union, that Petitioner had the right to require employees to use paid time concurrent with FMLA leave absent negotiations. (Exhibit B, p. 8).  This belief explains why she did not grieve the change in policy on the Union's behalf until well after it was implemented and in any event beyond the 5-day time limit set forth in the labor contract.

In short, the arbitrator's findings *on their face* show that the grievance was filed far beyond the 5-day time limit expressly set forth in the contract.  There can be no question that the grievance was untimely, and, as a result, the arbitrator should have never reached a decision on the merits.  Because the arbitrator's award has resulted in manifest injustice to Petitioner and because it fails to remotely draw its essence from the terms of the agreement, the Company filed the present action asking the Court to vacate the award.   In light of the above, the Company has plead facts sufficient to sustain its Section 301 action, and therefore, Respondent's motion to dismiss the complaint should be denied in its entirety.

III.   **ARGUMENT**

   **A.  Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the dismissal of a claim only where the Petitioner can prove no set of facts in support of its claim that would entitle it to relief.  *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). For purposes of a motion to dismiss, the facts Petitioner asserts must be accepted by the Court as true.  *Nami v.*

---

[1]     The Company had been exercising its rights under the FMLA in this regard since June, 2000.

4

*Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). The Court must determine whether, under any reasonable reading of the pleadings, the Petitioner may be entitled to relief, and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. *Id.* at 65. This Court has described the nature of the standard of review as follows:

> We must determine whether, under any reasonable reading of the pleadings, the Petitioners may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. The complaint will be deemed to have alleged sufficient facts if it adequately put the Respondents on notice of the essential elements of the Petitioners' cause of action.

> *Id.*

Measured against these well-established standards, Respondent's motion to dismiss the complaint must be denied.

### B. Respondent's Motion To Dismiss Must Be Denied and The Arbitration Award Must Be Vacated Because On Its Face It Does Not Draw From The Essence Of The Agreement.

Petitioner has plead facts sufficient to show that the arbitrator's decision is not drawn from the essence of the agreement (and it is in fact contrary to its terms), and, therefore, Respondent's motion to dismiss must be denied and the award should be vacated on this basis alone.

The Supreme Court expressly has recognized two situations in which a reviewing Court may vacate an arbitration award under Section 301 of the LMRA. First, a reviewing court may vacate an arbitration award if it violates public policy. Second, a reviewing court may vacate an arbitration award when the court concludes that the arbitrator has ignored the plain language of the agreement. *Eastern Associated Coal Corp. v. United Mine Workers*, 531 U.S. 57, 62 (2000). The second situation controls here.

The Supreme Court has made it clear that a reviewing Court should intervene, despite the federal policy of encouraging arbitration awards, when the arbitration award does not draw its essence from the labor agreement and when the arbitrator has dispensed his own brand of industrial justice. *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). Indeed, it is well settled that an arbitrator may not ignore the plain language of the contract he is asked to interpret. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Therefore, this Court may set aside the award when the arbitrator clearly disregards the plain language of the contract, thus failing to reach a decision that draws its essence from the agreement. *Id.* Because here the arbitrator's decision regarding arbitrability failed to draw its essence from -- and in fact was contrary to -- the plain language of the agreement, Respondent's motion should be denied and the award should be set aside.

Further, the United States Court of Appeals for the Third Circuit specifically has held that a district court may set aside an arbitrator's award if the arbitrator's determination as to arbitrability failed to draw its essence from the collective bargaining agreement. *See Gk Mgt., Inc. v. Local 274*, 930 F.2d 301, 304 (3d Cir. 1991). While an arbitration award is not likely to be vacated simply because the Court believes its interpretation of the agreement is better than that of the arbitrator, the award will be vacated if there is a "manifest disregard" of the agreement. *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers of Am.*, 461 U.S. 757, 764 (1983). That is precisely what occurred here.

Contrary to the Union's assertions, Philadelphia Coca-Cola's "disagreement" with the arbitrator's decision is not the basis for the Section 301 complaint. The parties have had over 100 arbitrations, and the Company has disagreed with many decisions. Never before, though,

6

did it seek judicial review.  While the Company disagrees with the arbitrator's decision, the fact that the arbitrator reached a decision that completely disregarded the plain language of the agreement is the basis for this Section 301 complaint.  The specific issue for the Court to decide is whether the arbitrator's "determination as to arbitrability failed to 'draw its essence from the collective bargaining agreement.'"  If it did, the award may be set aside.  *Id.*  While the Company recognizes that the standard of review for overturning an arbitration award is narrow, that does not preclude the Company from asking the Court to do so, particular in cases where, as here, the Arbitrator's decision *on its face* is contrary to the labor contract.  That is what makes this case different from the over 100 that came before it.

In this case, there can be no dispute that the grievance was untimely, and the arbitrator should not have reached a decision on its merits.  Specifically, as set forth in Petitioner's Complaint, the arbitrator found that the grievance was "constructively filed" on August 9, 2000.  (Exhibit B and Exhibit C attached hereto at ¶ 21).  The challenged policy had been in effect since June, 2000.  (Exhibit B and Exhibit C at ¶ 21).  The Union's then Vice President knew about the change in policy but did not "constructively grieve" it until almost 2 months after it became effective (and in fact was directly affecting bargaining unit employees).  (*See* Exhibit B, p.8).  By the arbitrator's own decision the grievance was filed well after the five-day limit in Article XXI of the contract, and was therefore, untimely.  The decision simply reflects a "manifest disregard" of the plain language of the agreement.

This is not a case where the Company is asking the Court to impose its own interpretation of the agreement over the arbitrator's simply because the Court may determine that the arbitrator's decision is wrong.  Rather, this is a case where plainly on its face the arbitrator exceeded the scope of his authority by significantly expanding the time by which the union must

file a grievance.  The decision is directly contrary to the <u>express</u> terms of the contract he was asked to interpret.  There can be no question that Petitioner has plead facts sufficient to establish its Section 301 claim as a result.

In light of the above, surely Petitioner has plead facts sufficient to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  The facts as alleged establish that the arbitrator's decision did not draw from the essence of the labor contract, ignored its plain language and, therefore, it is properly the subject of this Section 301 complaint. Accordingly, Respondent's motion to dismiss should be denied on this basis.

**C.  Local 830's Motion to Dismiss Petitioner's Complaint Should Be Denied Because Procedural Arbitrability Is Properly The Subject Of Court Review.**

Local 830's motion to dismiss Petitioner's complaint should be denied because procedural arbitrability is properly the subject of judicial review.  In support of its Motion to Dismiss, Local 830 essentially claims that procedural arbitrability is solely for the arbitrator to decide, and that simple "disagreement" with the Arbitrator's decision is not an adequate basis for a Section 301 complaint.  The Union is incorrect in several respects.

It is well settled that procedural arbitrability (*i.e.,* timeliness) is an issue for the Court to decide.  *AT&T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986); *Morristown Daily Record, Inc. v. Graphic Communications Union Local 8N*, 832 F.2d 31, 33 (3d Cir. 1987); *Gigliotti Corp. v. Building and Constr. Trades Council,* 583 F. Supp. 396 (E.D. Pa. 1984); *Delaware River Stevedores, Inc. v. Local 724, International Ass'n of Machinists*, C.A. No. 89-5020 1989 U.S. Dist. LEXIS 8810 (E.D. Pa. July 28, 1989).  In fact, Courts routinely address issues regarding procedural arbitrability in a variety of circumstances. *See e.g., Trap Rock Indus., Inc. v. Local 825, International Union of Operating Eng'rs*, 982 F.2d

884 (3d Cir. 1992) (ruling that issue of demotion based on qualifications is not arbitrable in accordance with the applicable labor contract).

Most recently, in *Pennsylvania Power Co. v. Local Union No. 272 of the International Bhd. of Elec. Eng'rs*, 276 F.3d 174 (3d Cir. 2001), the Court vacated an arbitration award, finding that the decision conflicted with the express provisions of the agreement between the company and the union.  In that case, like here, the company did not argue that the arbitrator erred on the merits, but rather the company argued that he exceeded the scope of his authority by writing into the contract terms it did not include regarding the arbitrability of the dispute.  *Id.* at 179.  Here, as in *Pennsylvania Power Co.*, the arbitrator's decision on its face conflicts with the clear terms of the labor contract, exceeds his authority, and therefore, these same principles apply.

In this case, the Company has challenged the arbitrator's decision regarding the procedural arbitrability of the dispute. (*See* Exhibit C).  The Company timely raised this defense both prior to and at the hearings in this matter.  The arbitrator found that the grievance was timely, albeit after he decided the grievance on its merits.  (*See* Exhibit B).  The arbitrator's decision regarding procedural arbitrability is clearly a question for the Court to decide under the principles set forth above.  Therefore, it is properly the subject of this Section 301 complaint.

In short, Local 830's arguments in support of its 12(b)(6) motion are without merit.  In the complaint, the Company alleges that the arbitration decision "does not draw its essence from the labor contract" and that, as a result, the award should be set aside in accordance with Section 301.  The complaint further alleges that he arbitrator exceeded the scope of his authority by significantly expanding the time by which the Union may file grievances, which is completely contrary to the contract.  Because the arbitrator ignored the plain language of the

9

agreement with respect to the arbitrability of the underlying dispute, the issue is properly the subject of a Section 301 complaint seeking to vacate the decision.  Simply put, Petitioner has plead facts adequate to state a claim upon which relief may be granted under Section 301, and therefore, respectfully requests that this Court deny the Union's motion to dismiss the complaint pursuant to Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that this Court deny Respondent's Motion to Dismiss Petitioners' Complaint under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

_____
Michael G. Tierce (Pa. I.D. No. 49896)
Lisa M. Scidurlo (Pa. I.D. No. 80487)
Attorneys for Petitioner, The Philadelphia Coca-Cola Bottling Company

Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 575-0100

Dated:  September 26, 2002.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
THE PHILADELPHIA COCA-                  :
COLA BOTTLING COMPANY                   :
                                        :     CIVIL ACTION
            Petitioner,                 :     NO. 02-3664
                                        :
      v.                                :
                                        :
THE UNITED BROTHERHOOD OF               :
TEAMSTERS, LOCAL NO. 830                :
                                        :
            Respondent.                 :
_____:

_____

**ORDER**
_____

**AND NOW**, this _____ day of _____, 2002, upon consideration of

Respondent's Motion to Dismiss Petitioner's Complaint, and Petitioner's response thereto, it is

hereby **ORDERED** that Respondent's Motion is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the May 7, 2002 Memorandum and Decision

of Arbitration Walter DeTreux, Esquire is hereby **VACATED** pursuant to Local Rule 7.1 and

Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 141 *et seq.*

_____

                                                               J.

## <u>CERTIFICATE OF SERVICE</u>

       I, Lisa M. Scidurlo, hereby certify that on this 26th day of September, 2002 I

served a true and correct copy of the foregoing Petitioner's Memorandum of Law in Opposition

to Respondent's Motion to Dismiss Petitioner's Complaint and a proposed form of Order upon

Respondent's counsel *via* first-class mail, postage prepaid, addressed as follows:

Stephen Holroyd
Jennings & Sigmond
Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA  19106

                                              _____

                                              Lisa M. Scidurlo

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                          :

THE PHILADELPHIA COCA-         :
COLA BOTTLING COMPANY      :

                                          :     CIVIL ACTION
                 Petitioner,      :     NO. 02-3664
                                          :
               v.                 :
                                          :

THE UNITED BROTHERHOOD OF  :
TEAMSTERS, LOCAL NO. 830     :

                                          :
               Respondent.     :
_____:

_____

**ORDER**
_____

      **AND NOW**, this _____ day of _____, 2002, upon consideration of

Respondent's Motion to Dismiss Petitioner's Complaint, and Petitioner's response thereto, it is

hereby **ORDERED** that Respondent's Motion is hereby **DENIED.**

_____
                                                                         J.

- Cherry Hill    • Harrisburg    • Lancaster    • Lehigh Valley    • Philadelphia
  - Reading    • Scranton    • Valley Forge    • Wilkes-Barre    • Wilmington

SL1 294327v1/25995.004